### Rebecca L. DODGE, Plaintiff–Appellant,

### v.

**Howard L. DEAN, Individually and as Governor of Vermont; William Sorrell, Individually and as Attorney General of Vermont; Kathleen C. Hoyt, Individually and as Secretary of Administration of Vermont; Eileen Boland, Individually and as Commissioner of Personnel of Vermont; John Gorczyk, Individually and as Commissioner of Corrections of Ver-**

**mont; Mike Coxon, Individually and as Superintendent of the Southeast State Correctional Facility; William Soule, as Deputy Superintendent of the Southeast State Correctional Facility; and John Does 1–10, being other persons involved in managing or supervising the Southeast State Correctional Facility on 11/29–30/1999, Defendants–Appellees.**

### Docket No. 01–9082.

United States Court of Appeals, Second Circuit.

March 29, 2002.

Rebecca L. Dodge, pro se, Wilder, VT, for the Appellant.

Wendy A. Burroughs, Assistant Attorney General, State of Vermont, for Appellees.

Present FEINBERG, OAKES, and STRAUB, Circuit Judges.

### *SUMMARY ORDER*

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Rebecca L. Dodge, *pro se*, appeals the District Court's judgment granting defendants' motion to dismiss the complaint for failure to state a claim. In her complaint, Dodge alleges that she was discharged from her position as an education aide at the Southeast State Correctional Facility

---

in Windsor, Vermont, and that such discharge violated her rights under federal and state law.

On appeal, Dodge specifically argues that: (1) her complaint states a valid claim under 42 U.S.C. § 1983; (2) defendants were constructively aware that Dodge was being denied her due process rights of notice and opportunity to be heard; and (3) in lieu of the complaint's dismissal, the District Court should have permitted Dodge to conduct discovery.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *See Ikelionwu v. United States,* 150 F.3d 233, 236 (2d Cir. 1998). Construing any well-pleaded factual allegation in the complaint in the plaintiff's favor, this Court will affirm the dismissal if the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir.1994).

We find, for all of the reasons set forth in the District Court's opinion, that Dodge's complaint fails to state any claim for which relief could be granted. With respect to Dodge's argument about discovery, it does not appear that Dodge ever moved for discovery before the District Court. In any event, given the potential for undue harassment of state officials, and in light of our complete agreement herein as to the insufficiency of the complaint, it would not have been an abuse of discretion for the District Court to deny a request by Dodge for factual discovery in lieu of the complaint's dismissal. *See e.g., Cuoco v. Moritsugu,* 222 F.3d 99, 112 n. 4 (2d Cir. 2000) ("[W]e see no reason to expect that discovery would have helped [plaintiff] establish a triable issue of material fact. And we are particularly reluctant to remand for unnecessary discovery because

this case revolves around questions of absolute and qualified immunity.").

The judgment of the district court is hereby AFFIRMED.